UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DONNIE BOBO #186601,

    Plaintiff,

vs.

STEVEN ERICSONS,

    Defendant.

HON. SALLY J. BERENS

Case No. 1:22-cv-01122

| Donnie Bobo #186601 | Christopher D. Morris (P36292) |
| --- | --- |
| Plaintiff In Pro Per | LEWIS REED & ALLEN, P.C. |
| Saginaw Correctional Facility | Attorneys for Defendant |
| 9625 Pierce Road | 136 East Michigan Avenue, Suite 800 |
| Freeland, MI 48623 | Kalamazoo, MI 49007 |
| | 2690388-7600 |

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION IN LIMINE

    Plaintiff is a pro se incarcerated individual. A trial Case management order was issued by magistrate Berens on August 14, 2024. The order advised the parties that any Subpoenas or Motions for Writs must be filed by September 10, 2024. More than 10 days have elapsed since that date and no proof of service of subpoenas or motions have been filed. Furthermore, this motion should be granted to narrow the possible evidentiary issues.

    The Trial Case Management Order advised the parties: "Failure to file proof of service of subpoenas or timely motion for a writ of habeas corpus ad testificandum will result in the exclusion of the witnesses from trial." (Trial Case Management Order page 3). At this time less than five weeks from trial, witnesses providing evidence regarding certain allegations in plaintiff's complaint would be more prejudicial than probative under Federal Rule of

Evidence 403 and such witnesses must be stricken. No evidence can be allowed and any undisclosed witness must be stricken.

Plaintiff has named defendant Erickson only but alleged that he was "acting under color of state law". These are inconsistent allegations. An official capacity suit (under color of state law) is not a suit against the individual personally, the real party in interest is the entity, Kentucky v Graham, 473 US 159, 166; 105 S Ct 3099; 87 L Ed 2d 114 (1985). Consequently, absent testimony from some source, plaintiff cannot make a prima fashion case against this defendant as acting under color of state law.

Plaintiff has not alleged in his complaint or secured by any evidence that the actions of this defendant had anything to do with his various physical ailments. Although plaintiff alleges a cause of action for violation of the rehabilitation act of 1973, there is no evidence that can be brought forth at this stage that the actions of this defendant were motivated by plaintiff's health status. Consequently, plaintiff should be barred from proffering any evidence of his health status as a factor in the treatment he received. Because claims under the rehabilitation act of 1973 cannot be sustained, that entire cause of action should be stricken.

To the extent Michigan recognizes a claim for intentional infliction of emotional distress, the tort requires evidence of (1) "extreme and outrageous conduct," (2) "intent or recklessness," (3) causation, and (4) "severe emotional distress." Lucas v. Awaad, 299 Mich. App. 345, 830 N.W.2d 141, 150 (Mich. Ct. App. 2013) (quoting Dalley v. Dykema Gossett PLLC, 287 Mich. App. 296, 788 N.W.2d 679, 694 (Mich. Ct. App. 2010)). The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all

possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Id. (quoting Doe v. Mills, 212 Mich. App. 73, 536 N.W.2d 824, 833 (Mich. Ct. App. 1995)). Plaintiff's failure to sustain the allegations of conduct utterly intolerable in a civilized community and testimony outside the allegations of the complaint must be limited.

Because defendant has not been apprised of any issues outside the complaint, this motion should be granted to narrow the evidentiary issues at trial. Furthermore, if this motion is granted several of plaintiff's alleged theories of recovery cannot be sustained because there is no evidence to support them in the complaint and no supporting evidence has been identified outside the complaint.

|  |  |
|---|---|
|  | LEWIS REED & ALLEN, P.C.<br>Attorneys for Defendant |
| Dated: September 20, 2024 | By: /s/Christopher D. Morris<br>Christopher D. Morris (P36292) |

3